**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1940**

SELMA MARIE MATHIAS FERRIS,

                    Plaintiff - Appellant,

          v.

AAF-MCQUAY, INCORPORATED, t/a McQuay International,

                    Defendant – Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.   Samuel G. Wilson,
District Judge.  (5:06-cv-00082-sgw)

Submitted:  October 21, 2008        Decided:  October 23, 2008

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard F. Hawkins, III, HAWKINS LAW FIRM, Richmond, Virginia,
for Appellant.  Douglas M. Nabhan, Heath H. Galloway, WILLIAMS
MULLEN, P.C., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Selma Marie Mathias Ferris appeals from the district court's adverse grant of summary judgment, and dismissal of her action alleging that AAF-McQuay, Inc. ("McQuay") discriminated and retaliated against her in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12300 (2000), when it terminated her employment in October 2004.[1] Our review of the record and the district court's opinion discloses that this appeal is without merit. We find, even assuming Ferris established a prima facie case of retaliation, that the district court correctly determined that she failed to rebut the legitimate, nondiscriminatory reasons McQuay proffered to support its decision to discharge her. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Specifically, the undisputed evidence established that McQuay's business substantially slowed and it was forced to downsize in the fall of 2004, that Ferris was the lowest-ranking member of her department and one of

_____

[1] Ferris suffered from a severe bout of adult respiratory distress syndrome in July 1997, over seven years prior to her discharge. She admitted that McQuay was supportive of her throughout her extended illness, held her position open for almost six months until her return, and tried to accommodate her requests for a smoke-free work environment. She contends that her discharge was in retaliation for a complaint she made to the corporate office contesting her move to an office that was not smoke-free and thus detrimental to her health condition.

approximately forty hourly and salaried employees who were discharged as part of the company's downsizing efforts,[2] and that Ferris' job responsibilities were assumed by her supervisor and her position was not filled for over a year following her discharge. Moreover, the record contains ample evidence of Ferris' history of poor work performance, documented by the employer and other employees. Significantly, Ferris admits that she performed poorly for over two years prior to her discharge and that she lacked concentration and focus in her work. The record reflects deficiencies that began prior to Ferris' complaint to the corporate office, and continued up to the time McQuay terminated her. Ferris' own, unsubstantiated assertions as to pretext[3] are insufficient to create a genuine issue of material fact as to pretext, or to stave off summary judgment. See King v. Rumsfeld, 328 F.3d 145, 151 (4th Cir. 2003).

As Ferris failed to rebut the legitimate, nondiscriminatory reasons McQuay proffered for discharging her,

---

[2] Ferris admitted that such financially-driven layoffs were not uncommon in the department, and that she had been concerned at various times about the possibility that she would be laid off due to adverse economic conditions faced by the company.

[3] Her assertion that McQuay's failure to provide her with a formal personal improvement plan demonstrates pretext does not create a genuine issue of material fact in opposition to the well-documented and conceded history of Ferris' extensive work problems, which date back to 2002, prior to the 2003 and 2004 evaluations she claims are evidence of pretext.

we conclude the district court properly granted McQuay's motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED